# Commonwealth ex rel., Appellant, *v.* O'Connell Construction Company.

*Bonds—Contract with commonwealth—Parties—Material man.*

A material man who has furnished material to a contractor for the construction of a state road cannot bring a suit in the name of the commonwealth to his own use on a bond of the contractor given to the state and conditioned for the due performance of the contract and to indemnify the state against liability for material furnished to the contractor.

Argued March 4, 1909. Appeal, No. 76, April T., 1909, by plaintiff, from order of C. P. Lackawanna Co., May T., 1908, No. 16, sustaining demurrer to statement of claim in case of Commonwealth ex rel. to use of John T. Dyer Quarry Company v. The O'Connell Construction Company and The Title Guaranty & Trust Company of Scranton, Pa. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a bond.

106 COMMONWEALTH, Appellant, *v.* O'CONNELL C. CO.

Opinion of Court below—Assignment of Errors. [39 Pa. Superior Ct.

NEWCOMB, J., filed the following opinion:

The construction company, defendant, gave bond to the commonwealth with the Title Guaranty Company, codefendant, as surety. It was conditioned for the due performance, by the principal, of its contract with the state for the construction of a road in Chester county, under the provisions of a statute. It was also conditioned to indemnify the state against liability for material furnished to the contractor. A copy of the bond is made part of plaintiff's declaration. The only cause of action attempted to be therein averred is that plaintiff company "furnished material for use in the said construction for which it has not been paid, there being a balance due at this time of $365.09, the items of which are set forth particularly in a statement attached hereto," etc.

As against the construction company alone this, at best, suggests a liability without distinctly showing it. As against the two defendants it may be assumed that the attempt was to deduce a joint liability from the obligation of the bond. But, to that instrument this plaintiff is neither a legal nor equitable party. Aside from that, liability on the bond can arise only from breach of its conditions.

For the sake of illustration it may be assumed that the claim is for materials furnished at the instance of the principal in the bond for use in the performance of its contract, to secure which the bond was given. That would make the contractor liable, and failure or refusal to pay "a balance due," would be a breach of its contract with plaintiff; but not a breach of any condition of the bond. Breach of the bond arising from that source can occur only in case the commonwealth becomes liable for the materials so furnished. And that liability can be enforced only at the suit of the commonwealth. The mere circumstance that the commonwealth is named in the caption as the legal plaintiff in this action does not tend to show that it is asserting a breach.

The declaration is radically defective and the demurrer is sustained.

*Error assigned* was the order of the court.

*A. A. Vosburg*, with him *L. M. Childs* and *C. W. Dawson*, for appellant.

*Willard, Warren & Knapp*, for appellee.

PER CURIAM, April 19, 1909:

This is an appeal from the order of the court below, sustaining the defendant's demurrer to the plaintiff's statement of claim. To obviate the possible objection that this is not a final judgment, counsel by writing filed, agreed that the case might be considered at issue as if a replication had been filed to the demurrer, and "that the judgment entered by the court be considered as a definitive decree." Thus viewing the appeal, we conclude after due consideration, that the action of the learned judge below is fully vindicated by the opinion filed by him.

The judgment is affirmed.